**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NEXT LEVEL SPORTSYSTEMS, | ) |
| *Plaintiff,* | ) |
| | ) No. 20 C 252 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| YS GARMENTS, LLC, | ) |
| *Defendant.* | ) |

**ORDER**

This subject of this action is a longstanding trademark dispute. This iteration of the dispute comes before the Court in the form of an appeal from the Trademark Trial and Appeal Board's ("TTAB") order cancelling Next Level Sportsystems's ("NLS") trademark registration. NLS has held a registered trademark in the name "Next Level," a clothing brand, since 2008. Sierra Sportswear ("Sierra") holds a 30% interest in the trademark. Shortly after NLS received its trademark registration, YS Garments ("YS") sought to register a trademark for "Next Level Apparel." The USPTO originally denied the application based on a likelihood of confusion with NLS's "Next Level" trademark. After years of failed settlement negotiations, YS sought cancellation of Next Level's registered trademark. In November of 2019, the TTAB granted YS's cancellation motion following NLS's failure to respond to YS's discovery requests. YS now moves to dismiss this appeal of the TTAB's cancellation order on the grounds that: (1) service was untimely, (2) NLS failed to join Sierra, a necessary party, and (3) certain counts are time-barred under the applicable statutes of limitations and the doctrine of laches. For the reasons set forth below, the Court grants YS's Motion (Dkt. 23) and dismisses the Complaint without prejudice.

**I.    Service of Process**

NLS filed this appeal on January 13, 2020. Under Rule 4(m) of the Federal Rules of Civil Procedure, NLS would have had until April 13, 2020 to serve YS. This Court entered three general orders, however, which extended this deadline by a total of 77 days. (*See* Dkts. 9, 11, 12.) Accordingly, NLS's new deadline for service was June 29, 2020. NLS did not serve YS until September 18, 2020. (Dkt. 24.) Additionally, despite representations to this Court in a September 23, 2020 status hearing that counsel would post proof of service that same day,[1] no proof of service appeared on the docket until October 30, 2020. (*Id.*)

NLS requests that the Court excuse its 81-day tardy service on the grounds that good cause warrants an extension. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to timely effect service], the court must extend the time for service for an appropriate period."). In support of this request, NLS's counsel submitted an affidavit explaining that the pandemic has

---

[1] The Court reviewed the rough transcript of the hearing to confirm that counsel made this representation.

1

significantly impacted the functioning of his business and that he fired the support staff on whom he would typically rely for ensuring timely service. Although the Court is sympathetic to the pandemic's toll on small law firms, counsel's timeline of events does not add up. The affidavit indicates that the individual to whom counsel would have delegated the responsibility to ensure timely service "was terminated at the end of July"—*i.e.*, a full month after the 11-week extension had already expired. Counsel does not identify any hardship or business interruption that occurred prior to the deadline that would warrant a finding of good cause for the delay. Accordingly, the Motion to Dismiss is granted on service of process grounds and the Amended Complaint is dismissed without prejudice. *See* Fed. R. Civ. P. 4(m) (providing that if a defendant is not served within the allotted time limits and no good cause is shown, the court may dismiss the action without prejudice); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996) (same).

In light of the Court's ruling that the action should be dismissed for lack of timely service, the Court could end its analysis here. The Court will, however, go on to assess the other two bases for this motion to avoid having to rule on these issues in the future if NLS files a new action.

## II.     Failure to Join Required Party & Issue Preclusion

Judge Durkin previously dismissed an identical lawsuit on the grounds that Sierra was a necessary and indispensable party. YS now seeks to invoke issue preclusion to prohibit NLS from pursuing this action on those same grounds. In response to the motion to dismiss, NLS provided a document that bears an electronic signature of Sandeep Sharma of Sierra. (Dkt. 25-1 at p. 24.) The document purports to make NLS Sierra's agent and attorney-in-fact. Under this agreement, when NLS seeks to enforce rights under the trademark against a third-party, it does so on its own behalf and on behalf of its principal, Sierra. NLS contends that issue preclusion does not apply now that Sierra is actually represented in this case. YS's only objection is that the document purportedly making NLS Sierra's agent may be fraudulent. Were the Court not dismissing the case on service of process grounds, the Court would order limited discovery to determine whether this document is authentic. Assuming its authenticity, however, Sierra would be a party to this action. As a result, Judge Durkin's dismissal order would not have preclusive effect before this Court. *See Herrera v. Wyoming*, 139 S. Ct. 1686, 1697 (2009) (explaining that where there has been an intervening change in controlling facts or legal principles, issue preclusion may not apply).

## III.    Statute of Limitations

YS moves to dismiss Counts IV–VII on statute of limitations grounds and Counts II–VII on laches grounds. A defendant is permitted to raise a statute of limitations defense at the motion to dismiss stage "if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). If, however, there is "any set of facts that if proven would establish a defense to the statute of limitations," then the motion to dismiss should be denied. *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003).

Counts IV and V allege violations of the Illinois Uniform Deceptive Trade Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act, respectively. Both of these claims are subject to three-year limitations periods. *See Persis Int'l v. Burgett, Inc.*, 09 CV 7451,

2020 WL 4176877, at *3 (N.D. Ill. Sep. 18, 2012) (Count IV); 815 ILCS 505/10a(e) (Count V). It is undisputed that the disputes that are the subject of this litigation were the subject of unsuccessful settlement negotiations among the Parties in 2013. Likewise, it is undisputed that NLS sent YS a cease and desist letter regarding the subject of this dispute in 2014. NLS then filed this case in January of 2020. Despite the fact that NLS filed this action more than three years after NLS became aware of YS's allegedly deceptive labeling practices, the limitations period has not expired because NLS alleges a continuing violation. That is, NLS alleges that YS continues to this day to sell products labeled with the name "Next Level Apparel." Under the continuing violation doctrine, the statute of limitations does not begin to run until the last unlawful act occurs. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 86 (Ill. 2003). Because the unlawful acts alleged in the Complaint continue to this day, the statute of limitations does not bar Counts IV and V.

YS contends that Counts VI (trademark infringement) and VII (trademark disparagement) are also subject to three-year limitations periods, but the cases it cites for that proposition do not directly speak to that. In any event, regardless of the applicable limitations period, the continuing nature of the alleged violation makes this case inappropriate for dismissal on statute of limitations grounds.

## IV. Laches

YS seeks dismissal of Counts II through VII on laches grounds. The doctrine of laches derives from the maxim that "those who sleep on their rights, lose them." *Chattanooga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 792 (7th Cir. 2002). To assert a successful laches defense, the defendant must show that the plaintiff unreasonably delayed bringing suit and that the delay caused the plaintiff to suffer material prejudice. *Nature Conservancy v. Wilder Corp. of Del.*, 656 F.3d 646, 651 (7th Cir. 2011). Whether a defendant experienced prejudice as a result of a delay is a factual question that is not generally amenable for resolution at the motion to dismiss stage. *See Champion Labs., Inc. v. Cent. Ill. Mfg. Co.*, 157 F. Supp. 3d 759, 765–66 (N.D. Ill. 2016); *Flentye v. Kathrein*, 485 F. Supp. 2d 903, 916–17 (N.D. Ill. 2007). The Court has no facts before it at this stage to determine whether the delays that have occurred in this case caused YS to suffer prejudice. As such, the Court has no basis for dismissing these Counts on laches grounds.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss [23] is granted and the Complaint is dismissed without prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: December 30, 2020